Motion to dismiss appeal denied November 25, 1930; argued and submitted April 15; affirmed May 12, 1931

IN RE THOMPSON'S ESTATE

# BANNON *v.* THOMPSON

(298 P. 907)

*B. W. Taylor,* of Portland (H. A. Robertson, of Portland, on the brief), for claimant.

*Jay Bowerman,* of Portland, for executrix.

RAND, J. Plaintiff, who is a regularly admitted and practicing lawyer of Portland, performed legal services for defendant's testator during several years prior to his death. Plaintiff presented to the executrix a duly verified claim for said services and his claim

was rejected in toto. He then presented the claim to the department of probate of the circuit court for Multnomah county pursuant to section 11-504, Oregon Code 1930, which provides, among other things, that:

" * * * If any executor or administrator shall refuse to allow any claim or demand against the deceased, after the same may have been exhibited to him in accordance with the provisions of this act or fails to file the same with the clerk within sixty (60) days after the receipt thereof, said claimant may present his claim to the county court for allowance, giving the executor or administrator 10 days' notice of such application to the court. The court shall have power to hear and determine in a summary manner all demands against any estate agreeable to the provisions of this act, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases; * * *."

The matter was heard and determined before Judge Tazwell, the presiding judge of that department of the circuit court, and a judgment, misnamed a decree, was entered in favor of plaintiff and against the executrix for the sum of $1,800, which was a part only of the amount demanded. The hearing was had without the intervention of a jury, although a jury trial could have been had if either party had demanded it, as held in *Branch v. McCormick's Estate*, 72 Or. 608 (143 P. 915, 144 P. 425). From this judgment both the plaintiff-claimant and the defendant-executrix have appealed directly to this court as provided by section 28-841, Oregon Code 1930. That section provides as follows:

"In any proceeding or cause over which, by existing laws, the county court has jurisdiction, all of which are by the provisions of this act transferred to and

heard by the circuit courts of the counties affected by this act, the procedure and practice shall be governed by the existing laws applicable to such proceeding without any change, except that appeals may be taken direct to the Supreme Court from the judgments of the circuit court in all such matters, and except, further, that in a probate proceeding in which a claim is rejected by the administrator or executor, the claim may be presented to the court for rejection or allowance, as provided by section 11-504, Oregon Code 1930, or, if either party demand it, the claimant must in the first instance bring action against the administrator in the manner in which other actions are brought, and the cause be tried and disposed of in the same manner as any other action.''

■ In the trial of a claim which has been presented to and rejected by an executor or administrator, the proceedings are purely legal in their nature and are not equitable and the order made, either allowing or rejecting the claim, is expressly given ''the force and effect of a judgment.'' The statute refers to the proceedings as an action, and when the judgment is entered it has the force and effect of a verdict: Section 2-503, Oregon Code 1930. That section provides that ''the finding of the court upon the facts shall be deemed a verdict.'' And since this appeal is from a judgment which has the force and effect of a verdict, the only question is: Was the evidence offered in the case sufficient to support the judgment?

■ An examination of the record shows that while the value of the services was disputed there was abundant evidence to show that services had been performed as contended for by plaintiff for which no compensation had been made. Under those circumstances, the weight and sufficiency of the evidence and the credibility of the witnesses were for the trial court and his judg-

ment thereon is conclusive upon this court and this binds the court as to the value and amount of the services.

■ The plaintiff has likewise appealed and has assigned the admission of certain letters in the record as error. The cause was not tried to a jury but to the court and there was sufficient competent evidence introduced to sustain the judgment, whether these exhibits were considered or not. We find no reversible error in admitting into the evidence the matters complained of, and hence the judgment appealed from will be affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.