Motion to dismiss appeal denied January 27; petition for rehearing on motion denied February 25, 1942; argued on merits February 9; modified February 24; petition for rehearing denied April 13, 1943

IN RE DEDMAN'S ESTATE

## DEDMAN *v.* BIGGS

(121 P. (2d) 466, 134 P. (2d) 428)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*W. L. Gosslin,* of Portland, for appellant.

*Paul R. Biggs* and *Charles T. Sievers,* both of Oregon City, for respondent.

KELLY, C. J. Defendant has interposed a motion to dismiss the appeal herein. Two grounds are assigned: 1. The plaintiff-appellant has failed to file with

the supreme court a transcript of the evidence taken by the official reporter or by a stenographer, who was appointed by the court to act as reporter pro tem, and who was possessed of the qualifications and had taken the oath prescribed for the official reporter; and 2. The plaintiff-appellant has failed to file a statement of exceptions settled and allowed by the judge, or a statement of exceptions verified by counsel by his own oath together with the other supporting affidavits required by section 5-702, O. C. L. A.

Plaintiff-appellant has moved the court for a rule and order remanding the statement of exceptions to the court below for amendment and further certification.

■ At the outset, we are confronted with the question whether this proceeding is in the nature of an action at law or a suit in equity. It is necessary to determine this question in order to decide whether any statement of exceptions should be required of appellant. It is settled that no bill of exceptions is required in a suit in equity, the same being tried anew on appeal.

Plaintiff-appellant argues that this proceeding is one in the nature of an action at law. Defendant-respondent insists that it is equitable in its nature.

The claim, upon which this case is based, is for services alleged to have been performed by plaintiff subsequent to the death of H. A. Dedman in auditing the books and accounts of deceased at the instance of Levi Stipp, who was then administrator of the estate of said H. A. Dedman, deceased.

In support of her contention that this proceeding is legal in its nature, plaintiff cites: *Wilkes v. Cornelius,* 21 Or. 241, 23 P. 473; *Johnston v. Shofner,* 23 Or. 111, 31 P. 254; *Bannon v. Thompson,* 136 Or. 311, 298 P. 907;

*In re First and Farmers Nat. Bank,* 145 Or. 150, 26 P. (2d) 1103; *In re Stout's Estate,* 151 Or. 411, 50 P. (2d) 768, 101 A. L. R. 672; *Sigman v. Herdman,* 167 Or. 527, 119 P. (2d) 277.

*Wilkes v. Cornelius,* supra, was based upon a claim for board, lodging, care and medical treatment furnished to decedent during the last six years of her life.

*Johnston v. Shofner,* supra, was based upon the following facts: Wesley Jackson, the decedent, was in partnership with Joseph Richardson. A. Johnston, since deceased, as an accommodation maker, signed a note jointly with Frances Richardson and Joseph Richardson payable to the order of E. B. McFarland. The proceeds of this note were used by Joseph Richardson as such partner. On April 10, 1891, Richardson and Jackson dissolved partnership and Jackson received all the assets of the firm and assumed all its obligations. On May 9, 1891, Jackson died. On May 29, 1891, Johnston was compelled to and did pay the note. Neither Richardson nor Jackson repaid Johnston. J. C. Shofner, defendant and appellant, was the administrator of the estate of said Wesley Jackson, deceased. Emily L. Johnston, plaintiff and respondent, was the executrix of the last will and estate of said A. Johnston, deceased.

*Bannon v. Thompson,* supra, was based upon a claim against the estate of Volney C. Mead, deceased, for legal services performed for defendant's testator during several years prior to her death.

*In re First & Farmers Nat. Bank,* supra, was based upon notes dated February 16, 1917, and June 30, 1917, executed by said Volney C. Mead, who died intestate on November 8, 1917.

*In re Stout's Estate,* supra, was based upon a claim by the owner in fee of certain real estate for waste

alleged to have been committed by decedent while in possession of said real estate as life tenant.

*Sigman v. Herdman,* supra, was based upon a claim for services performed for decedent while decedent was still living.

None of these cases was based upon a contract made by the administrator or executor of the estate sought to be charged.

Both parties hereto cite *Murray's Estate,* 56 Or. 132, 107 P. 19. We quote from the opinion in that case:

"But the status of a liability upon the administrator's own contract for the benefit of the estate is very different from that of a debt created by the decedent in his lifetime and need not be presented to the estate at all by the creditor, being a preferred claim in favor of the administrator in the settlement of the estate. Section 1217, B. & C. Comp. Although Casto's remedy was upon the personal liability of the administrator and not against the estate, yet there is an exception to this general rule as in case of a claim for funeral expenses or care of livestock, or in case of the insolvency of the administrator, to which might be added the removal of the administrator beyond the jurisdiction of the court. [Citing authorities.] And in such a case the creditor may be allowed to take the place of the administrator and be paid out of the estate to the same extent."

■ Manifestly, the status of claimant herein is that of one seeking a recovery upon a contract made by the administrator for the benefit of the estate. The administrator having resigned leaving an alleged balance unpaid, the claimant, in effect, seeks subrogation to the rights of the administrator.

"It has been said that subrogation is not strictly a remedy, but rather that it is an equitable principle through which the benefit of remedies is obtained. It is an equitable doctrine and the right thereto is an equi-

table right not a legal right. 60 C. J. [Subject, Subrogation]. p. 697, § 4.

We think that this is an equitable proceeding. Taking that view, it follows that no bill of exceptions or statement of exceptions is required. None being required, the motion of plaintiff for an order remanding such statement for amendment and further certification should be and is denied and overruled.

■ Obviously, there can be no trial de novo upon the testimony when there has been no properly authenticated transcript thereof filed. Such is the state of the record here.

The stenographer, who made the purported transcript of testimony and who alone certifies to its accuracy, was not the official court reporter, nor a stenographer appointed by the court as pro tem reporter, nor did she take the oath prescribed for the official reporter. The trial judge declined to authenticate the report of the testimony so made.

"The regular channel through which the evidence reaches this court is that prescribed by the statute." *Nealan v. Ring*, 98 Or. 490, 496, 184 P. 275, 193 P. 199.

The statute provides that the report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, etc., shall be prima facie a correct statement of such testimony, etc. Vol. 6, O. C. L. A., Sec. 93-277, p. 474.

The statute also provides:

"That in the event of the absence or inability of the official reporter to act, the judge may appoint a competent stenographer to act pro tem., who shall perform the same duties as the official reporter, and whose report, when certified to, shall

have the same legal effect as the certified report of the official reporter. The reporter pro tem. shall possess the qualifications and take the oath prescribed for the official reporter, and shall receive the same compensation." Vol. 6, O. C. L. A., Sec. 93-278, p. 474.

In the record before us, it affirmatively appears that the official reporter was present at the trial hereof and ready, able and willing to report the testimony therein.

The only question presented by the record before us is whether the pleadings support the decree of the trial court. That question appearing in the record, the motion of defendant to dismiss the appeal is untenable and should be and is hereby denied and overruled.

---

Argued on the merits February 9; modified February 24; petition for rehearing denied April 13, 1943

ON THE MERITS

(134 P. (2d) 428)

Before BAILEY, Chief Justice, and ROSSMAN, LUSK, KELLY and HAY, Associate Justices.

*William L. Josslin,* of Portland, for appellant.

*Charles T. Sievers,* of Oregon City (Paul R. Biggs, of Oregon City, on the brief), for respondent.

KELLY, J. This is a proceeding instituted in the probate department of the Circuit Court of Clackamas county, by petitioner Blanche J. Dedman, to recover $1,387.50 [less an admitted payment] as the reasonable value of services performed by her subsequent to the death of H. A. Dedman, in auditing the books and accounts of deceased and in making collections at the instance of Livy Stipp, who was then the administrator of the estate of said H. A. Dedman, deceased, and to recover the further sum of $250, attorney's fee. From an order allowing petitioner only $317 and $75 attorney's fee, claimant appeals.

On January 20, 1942, this matter was before this court upon a motion by defendant to dismiss the appeal. and upon a motion by petitioner for a rule and order remanding the statement of exceptions to the court below for amendment and further certification. Both motions were denied. 121 P. 2d 466.

The motion to dismiss was denied, because the pleadings and the order of the trial court were before us and, on appeal, such record presents the question of the sufficiency of the pleadings to support the final order.

The motion for an order remanding the statement of exceptions for amendment was denied because this

proceeding is an equitable proceeding and no bill of exceptions or statement of exceptions is required.

■ No properly authenticated transcript of testimony was filed; and hence we have but the single question of the sufficiency of the pleadings to support the final order.

The pleadings consist of a petition alleging the performance of services by the petitioner at the instance of the administrator of the estate of H. A. Dedman, deceased, the alleged reasonable value thereof, the receipt of a partial payment of $50, and the allowance to petitioner and her sister of an additional sum of $150 which has not been accepted; and an answer thereto filed by one of the administrators.

The services are alleged to have consisted in part of clerical services in organizing and compiling a very large number of accounts and records and supervising employees in connection therewith over a period of twelve and one-half months, the reasonable value of which services being alleged to be $75 per month aggregating $937.50.

In addition to the services just mentioned, the petitioner alleges the performance of further services in making collections in aggregate sum of $1,800 on accounts owing to said estate, the reasonable value of which is alleged to be twenty-five per cent of the amount so collected, which is $450.

The petition admits the receipt on April 17, 1937, by petitioner of the sum of $50 upon her said claim and an allowance on November 4, 1938, by the court to her and her sister of the sum of $150, no part of which has ever been received by or paid to the petitioner or her sister.

The petition also alleges that more than forty-eight hours elapsed and expired after the presentation of petitioner's demand to the administrators and since the termination of petitioner's services, and that the sum of $250 is a reasonable amount to be allowed petitioner as attorney's fees herein.

The following is the text of said administrator's answer:

> "The defendant, one of the Administrators of the above entitled estate, for answer to the petition of Blanche J. Dedman on file herein, admits, denies and alleges as follows:
>
> I.
>
> Denies each and every allegation contained in the said petition and the whole thereof, and particularly denies that the estate owes the petitioner, Blanche J. Dedman, the sum of $1,337.50 or any sum at all, except the sum of $150.00 as ordered by the above entitled court in its order titled 'Accepting Resignation of Livy Stipp' dated November 4, 1938; and further particularly denies that the sum of $250.00 is a reasonable attorney's fee.
>
> Wherefore, the defendant prays that the petition of Blanche J. Dedman be dismissed and the sum of $150.00 as ordered by the above entitled Court, be paid."

The pertinent part of the final order, from which said petitioner's appeal is prosecuted, is as follows:

> "The court having considered said testimony and evidence and the allegations of said petition and answer; and being advised in the premises, it is now by the court
>
> Ordered as follows:
>
> (1) That the item of $937.50 in said petition for clerical services in the preparation of itemized statements of the accounts of individual patients of the decedent, is hereby disallowed in its entirety:

(2) The item if [of] $450.00 in said petition for the collection of $1800.00 for said estate is hereby allowed, subject to a deduction of $50.00 paid to said petitioner on the 17th day of April, 1937 and subject to a further deduction of $83.00 for work and produce received by said petitioner, leaving a balance to be paid to said petitioner of $317.00

(3) The additional sum of $75.00 is allowed said petitioner as and for attorney's fees herein."

■ We find nothing in the pleadings which supports the deduction of $83 for work and produce received by petitioner. There is no admission in the petition that would justify such deduction and no counterclaim alleged in the same answer.

Counsel for petitioner urges us to remand this proceeding for a new trial in order to enable petitioner to make a record in conformance with approved, equitable procedure and thus give her the privilege of bringing a properly authenticated transcript of the testimony to us upon a second appeal. The basis for this request as stated by counsel is that the former opinions of this court are susceptible of a construction contrary to the opinion rendered herein to the effect that this is an equitable proceeding. Three former opinions are cited to that point, namely: *In re Mills' Estate,* 40 Or. 424, 67 P. 107; *In re Murray's Estate,* 56 Or. 132, 107 P. 19; and *In re Baker's Estate,* 156 Or. 256, 67 P. (2d) 185.

As the writer understands the doctrine of the Mills case, it is that an attorney, whose claim is based upon services performed for the administrator and whose claim has been allowed by the court in the manner prescribed by law, is either a "creditor or other person interested in the estate" and therefore is one who

may apply for the removal of an executor or administrator under the provision of the statute to the effect that "any heir, legatee, devisee, creditor, or other person interested in the estate may apply for the removal of an executor or administrator." etc. Section 19-222, O. C. L. A., Vol. 2, p. 560.

In the Murray case, the court held that it was a proceeding by the administrator *de bonis non*, against sureties on the bond of a former administrator for the settlement of the account of the former administrator. Emma Murray, widow of deceased, the former administrator died on October 5, 1905. F. P. Talkington was appointed administrator *de bonis non* and in that capacity instituted the proceeding. One Casto presented a claim in the sum of $620 for furnishing stable room, feed and care for a valuable horse belonging to decedent at the instance of the widow after the death of decedent and before the appointment of the widow as administrator. A lease of said horse had been given to Casto by Mrs. Murray, which was held to be void. *Casto v. Murray*, 47 Or. 57, 81 P. 388, 883. The proceeding was not at law and the validity of the claim of Casto, it being the only unpaid creditor's claim against the estate, was tried out as an incident to the accounting. The court plainly distinguished Casto's claim from that of petitioner in the instant case, by saying,

"Although Casto's remedy was upon the personal liability of the administrator and not against the estate, yet there is an exception to this general rule as in case of a claim for funeral expenses or care of live stock, or in case of the insolvency of the administrator to which might be added the removal of the administrator beyond the jurisdiction of the court [citing authorities]. And in such

a case the creditor may be allowed to take the place of the administrator and be paid out of the estate to the same extent.'' Murray's Estate, supra.

The claim of petitioner in the instant case was not for care of livestock, and the Murray case was an equitable proceeding.

In *In re Baker's Estate*, supra, there were various petitions filed by the widower of the deceased and several orders entered by the court. The claim of the widower was based upon his right to the homestead interest and to his right of curtesy in an apartment house belonging to the estate of his deceased wife. On April 28, 1936, the widower filed a pleading entitled a petition which terminated with a prayer for a declaratory judgment. To this petition the defendants filed an answer containing denials, admissions and new matter. To this answer, petitioner filed a reply. On July 7, 1936, the court entered its decree, from which petitioner, the widower aforesaid, prosecuted an appeal. This final decree stated that the attorneys had stipulated to submit to the court upon the records and files in said probate proceedings the various applications of the widower; and that the widower, through his attorneys, agreed in open court that his curtesy rights and exempt property rights should be fixed and adjusted by the court.

The plaintiff's counsel stated that they did not enter into the stipulations above mentioned. This statement was held to be insufficient to impeach the record made by the probate judge as shown by the final decree and the findings of fact, because in support of such attempted impeachment no stenographic transcript of the proceedings were brought before this court in

the manner required by law. In support of the decree, defendants' counsel did present such a transcript signed by the official court reporter; and the stipulations were given effect.

We are at a loss to understand how anyone could construe the opinion in the Baker case as relieving a claimant in a contested proceeding of an equitable nature from securing the services of the official court reporter, if one be present, in preserving the record on appeal.

In the instant case, at the outset of the trial, the official court reporter was present and petitioner declined to avail herself of such official reporter's services. That dissipates the thought that the statement in the Baker case as to the proper course to be taken in the event that the official reporter was not present, could have influenced the petitioner herein. Nothing whatever is said in the Baker case to the effect that the transcript of testimony need not have been made and certified by the official court reporter in any case where such reporter is present in court when the parties are entering upon the trial.

Petitioner argues that the phrase in the defendant's answer "except the sum of $150.00 as ordered by the above entitled court in its order titled 'Accepting Resignation of Livy Stipp' dated November 4, 1938" brings defendant's answer under the rule that where the defendant in an action relies on a record and, in express terms, makes it a part of his answer and refers to it as a part thereof, he will not be heard, on appeal to say that the record is not a part of the answer, even if it is not set out in the answer or as an exhibit thereto.

■ We do not so construe defendant's answer. The phrase therein last herein above quoted is merely an

admission that the estate owes the petitioner $150. There is no suggestion that defendant relies on any record.

In the petition, facts are alleged concerning the order of November 4, 1938, based upon the sixth and final report of Livy Stipp, as administrator, which order, it is alleged in said petition, contains the provision ''that before turning the assets of this estate over to the new administrator, the said Livy Stipp should pay'' to petitioner and her sister in full for services the sum of $150. From this portion of the petition, it is obvious that the phrase last quoted from the answer refers to the allegations in the petition and merely constitutes the admission of liability as above stated.

Petitioner cites the case of *Sutherland v. Sutherland,* 102 Iowa 535, 71 N. W. 424, 63 Am. St. Rep. 477. That was a case where the widow, of deceased, sought to have her share of the real estate, of which her husband died seized, set apart to her. The heirs at law answered that her husband died testate and that in his will he devised to plaintiff the real estate described in her petition to have and to use during her natural life in lieu of her dower or statutory rights in said land. The answer contained the following statement:

''Defendants make the will, and the probated record, and all the papers, records, and proceedings in the matter of the estate of Donald Sutherland, deceased, in the district court of Jones County, Iowa, a part of this answer, and refer to same as part of this answer.''

That is a specific averment making the will, et cetera, a part of the answer. There is no such averment in the instant suit.

This court sympathizes with petitioner in her misfortune as appealingly depicted by her counsel in his oral argument, but we cannot substitute pity for legal principles or permit sympathy to sway us from the duty of applying the law as we understand it.

The decree of the trial court is modified by striking therefrom the deduction of $83 for work and produce received by said petitioner and by increasing the balance to be paid to said petitioner from $317 to $400, and, thus modified, the decree of the trial court is affirmed.

It is further ordered that the petitioner herein, Blanche J. Dedman, recover her costs and disbursements on this appeal from defendant Paul R. Biggs, as administrator, the same to be paid from the assets of the estate of H. A. Dedman, deceased.