[Filed December 1, 1891.]

## JABEZ WILKES v. T. R. CORNELIUS, EXECUTOR.

ESTATES—CLAIMS OF RELATIVES—QUANTUM MERUIT.—The general rule that one may recover on the *quantum meruit* for valuable services performed for another, without more than the implied agreement to pay for the same, does not apply to claims against an estate presented by near relatives of a decedent. In such cases an express agreement to pay for the services must be established by clear, direct, and positive proof before the claimant can recover.

CLAIMS AGAINST ESTATES—ALLEGATA AND PROBATA.—Although no formal pleadings are required in the summary adjudication by the county court of claims against a decedent's estate under Hill's Code, ⅔ 1134, yet the trial in such cases must be had upon the claim as presented; and it is therefore error to admit evidence of an express agreement in support of a claim based on *quantum meruit*.

Washington county: FRANK J. TAYLOR, Judge.

Defendant appeals.    Reversed.

*T. H. Tongue*, for Appellant.

*S. B. Huston*, for Respondent.

BEAN, J.—This is an appeal from a judgment of the circuit court of Washington county, allowing the respondent the sum of one thousand dollars on a claim against the estate of Annie Wilkes, deceased, exhibited to and disallowed by the appellant as executor of her will. On June 30, 1888, respondent, who is a son of deceased, presented to the executor, for allowance, a claim in due form, properly verified, "for board, lodging, care, attendance, medical treatment, etc., done, furnished, and bestowed for and upon the deceased during her life-time, for six years last past, of the reasonable value of fifteen dollars per month, and down to the date of her death," amounting, in the aggregate, to the sum of $1,080. This claim being disallowed by the executor, was thereupon presented to the county court for allowance as provided in Hill's Code, § 1134. That court proceeded

to hear and determine the matter, and allowed thereon the sum of $918.50, from which an appeal was taken to the circuit court. A trial before a jury in the latter court resulting in a verdict and judgment in favor of the claimant for the sum of $1,000, the executor appeals.

The error complained of on this appeal is in the admission of evidence on behalf of the claimant tending to show that the board and lodging furnished by him to his mother was under an agreement on her part to pay him therefor. The claim as presented to the executor is based upon the rule that where one person renders valuable services for another, the law implies a promise on the part of the party benefited to pay so much as such services are reasonably worth. This is the general rule. But where the services are rendered by one near relative to another, an exception to the rule prevails, and no such promise is implied. In such case before the party rendering the services can claim compensation from the other, he must show an express agreement or its equivalent to pay for the same. (*Bennett v. Stephens*, 8 Or. 444.)

Where such services consist in furnishing board and lodging to a parent by a child, they are presumed to have been done gratuitously, however valuable they may have been, and such presumption can only be overcome by clear, direct, and positive proof of an understanding or agreement on the part of the parent to pay and of the child to receive compensation therefor. It is so usual and natural for children, prompted by filial love as well as the instincts of common humanity, to support and maintain their aged, infirm, or indigent parents, that the law implies no contract in such cases, but the presumption is that the services were rendered gratuitously, and this presumption can only be overcome by proof of an express agreement or understanding between the parties. The evidence to prove such a contract must be clear, direct, and positive.

"The very nature of the relation," says LOWRIE, J., "requires the contracts between parents and children to be

proven by a kind of evidence that is very different from that which may be sufficient between strangers. It must be direct, positive, express, and unambiguous. The terms must be clearly defined, and all the acts necessary for its validity must have especial reference to it and nothing else. (*Mehaffy* v. *Share*, 2 P. & W. 361; *Hack* v. *Stewart*, 8 Pa. St. 213.) The importance of this rule is very apparent; for it requires but a glance over the cases of this class to discover how sad has been the experience of the courts in family disputes growing out of exceptions which have been allowed, and how many and how distressing must have been the ruptures of the closest ties of kindred that have been produced and perpetuated by the encouragement thus given to try the experiment of exacting legal obligations out of the acts of parental or filial kindness." (*Poorman* v. *Kilgore*, 26 Pa. St. 365; S. C. 67 Am. Dec. 425.)

The claim of the respondent, as presented to the executor, therefore, did not show a subsisting liability in favor of the claimant and against the decedent; but, when taken in connection with the relationship of the claimant and decedent, showed on its face that no liability existed. It is based, so far as appears on its face, upon the implied promise the law infers from the rendition of valuable services by one person for another, and as between strangers would have shown a subsisting liability; but no such promise is implied between parent and child. The statute does not provide any prescribed form for claims against estates of deceased persons, and no particular form is necessary, provided the claim and affidavit show a substantial subsisting liability in favor of the claimant and against the decedent, and is sufficiently definite to notify the executor or administrator of its character and amount, so he may make provisions for its payment. (*Flinn* v. *Shackleford*, 42 Ala. 202.)

The facts constituting the claim need not be stated with the same particularity required in a pleading in an action at law, but may be asserted in general terms; and however informal the claim may be, if it show a substantial liability

in favor of the claimant and against the estate, it will be sufficient. But if the claim as presented, when taken in connection with the relationship of the claimant and decedent, on its face show no legal liability, it is clearly insufficient, and should be disallowed by the executor or administrator. As was said in *Cook* v. *Davis*, 12 Ala. 551, "it may be difficult to say that any prescribed form will cover all cases, but there is none in arriving at the conclusion that the claim as presented must, in connection with the affidavit, show something for which the estate is responsible."

The claim in the case at bar, as presented, did not show any liability against the estate, and the executor for his own protection was necessarily compelled to disallow it. An executor stands as the representative of all the creditors as well as the heirs, legatees, and distributees, and however liberally disposed he may be to waive technical defenses and deal with creditors on the basis of substantial justice, he is not at liberty to waive the technical rights of those whom he represents. (2 Woerner Law of Admr. § 387.) When a claim, as presented, viewed in the light of the relationship of the claimant and deceased, on its face shows its invalidity, the executor, in order to protect himself from personal pecuniary liability, must necessarily disallow it. It follows, therefore, that the executor properly disallowed the claim of the respondent in this case.

The claim having been disallowed by the executor, the claimant, under Hill's Code, § 1134, presented it to the county court for allowance and gave the required notice to the executor. The law providing for the adjudication of claims by the county court, vests in that court power to hear and determine all claims against the estate of a deceased person in a summary manner, without the formality of technical pleadings, yet preserving all the rights of the parties by providing for appeals to the circuit court and to be there tried *de novo.* But such trial, both in the county and circuit court, must be had upon the claim as presented and disallowed by the executor. The question

in issue, and to be determined is, whether the claim, as presented, was properly disallowed, not whether the claimant may, under some other facts, have a valid claim against the estate. No pleadings are required or necessary, but the matter is tried and determined, so far as pleadings are concerned, upon the claim, as presented, and its disallowance by the executor. The issue between the parties is thus formed. In such a proceeding it must appear that the claim, as presented, was one that should not have been disallowed either for matter of form or substance. It must not only show something for which the estate is liable but must have been presented in due form.

If in either of these respects it is insufficient, the claimant cannot be permitted to supply the defects by evidence on the hearing. He must recover, if at all, on the claim, as presented, for upon that the executor acted when he disallowed the claim. "To hold that a claim exhibited to an administrator," says STRATTON, J., in *Zachary* v. *Chambers*, 1 Or. 321, "might properly be rejected by him, and yet not bar the claimant from bringing suit in the circuit court, would be to place the administrator in this strange dilemma—either to allow the claim upon a defective exhibit, and make himself liable to the heirs for the amount; or to disallow the claim and subject the estate to the expenses of a suit at law. It cannot be that the legislature contemplated such an absurdity." This language is equally applicable to a proceeding under Hill's Code, § 1134, which is in effect a suit or action against the executor or administrator without the formality of technical pleadings. As we have seen, the claim of respondent in this case was properly rejected by the executor for matter of substance, and it was therefore error for the court to permit the defect to be supplied by evidence on the hearing. Before the estate can be subjected to the expense of litigation, the executor should have the right to pass upon the claim sought to be litigated, and allow and pay it in due course of administration, if so advised.

The judgment of the court below is therefore reversed and the cause remanded to the court below for further proceedings not inconsistent with this opinion.