[Decided October 25, 1892.]

EMILY L. JOHNSTON, EXECUTRIX *v.* J. C. SHOFNER, ADMINISTRATOR.

1. CLAIMS AGAINST ESTATES—JUDGMENT—DECREE.—The decision of a county court in summarily settling a claim under section 1134, Hill's Code, is a judgment and not a decree.

2. APPEAL FROM COUNTY COURT—JURY TRIAL—TRANSCRIPT OF EVIDENCE—CODE, § 1134.—On an appeal from a decision of a county court under section 1134, Hill's Code, the appellant is entitled to a jury trial in the circuit court. The transcript need not contain the evidence, since the case is at law and not in equity. *Wilkes* v. *Cornelius,* 21 Or. 345, approved and followed.

Multnomah County.   LOYAL B. STEARNS, Judge.

Defendant appeals.   Reversed.

This was a proceeding originally commenced in the county court of Multnomah County to have a claim for money against the estate of Wesley Jackson allowed, which the defendant, as administrator of such estate, had disallowed and rejected. When the matter came on to be heard, the court, after hearing the evidence of the

parties, found that the claim should be allowed, and ordered that the defendant, as such administrator, allow the claim, and that he pay it in due course of administration. From this order an appeal was taken to the circuit court for Multnomah County. The circuit court for that county is divided into department No. 1, in which civil jury cases are tried, and department No. 2, in which equity and criminal cases are tried and determined. Upon the transcript being filed in department No. 1, the plaintiff moved the court for an order affirming the order of the probate court, on the ground that the case was triable in equity and not at law. The court held that the cause should be heard on the appeal as an equity case, and transferred it to department No. 2. After the transfer, the plaintiff renewed his motion for an order of affirmance upon the ground that no evidence taken on the trial in the probate court accompanied the transcript on appeal, and no bill of exceptions was in the record. The court sustained the motion on this ground, and ordered and decreed that the judgment order made by the probate court be affirmed. From this order and decree the appeal has been brought to this court.

The record discloses that the cause was heard and determined in a summary manner by the county court under section 1134 of Hill's Code, the testimony being taken orally and not reduced to writing. The appeal was taken to the circuit court, and the transcript filed in department No. 1, upon the theory that the cause of action was at law and triable by a jury. The transfer of the cause to department No. 2, and the affirmance of the order of the county court, was based on the ground that proceedings in probate on appeal were to be heard and determined as in suits in equity, and consequently, as there was no evidence accompanying the transcript on appeal, there was nothing for the circuit court to try.

*Lewis L. McArthur*, for Appellant.

This question turns largely upon the construction which shall be given to the latter part of section 1134,

Hill's Code, providing that the court shall have power to hear and determine in a summary manner all demands against any estate agreeably to the provisions of this act, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases. We took an appeal as in ordinary actions at law, and now claim the right to a jury trial. The judicial history of the state shows this to be a case wherein a jury trial would have been accorded us under the laws and practice at the time our constitution was adopted: *Tribou* v. *Strowbridge*, 7 Or. 156; *Adams* v. *Lewis*, 5 Saw. 229. At common law we would have had a right to a jury trial: 1 Woerner Admn. 319.

*Charles H. Carey,* for Respondent.

The appellant by his own neglect has lost his right to a hearing on the evidence in the circuit court, because (1) the probate proceeding of the county court is in the nature of a suit in equity as distinguished from an action at law; (2) there is no constitutional right to jury trial; (3) not having taken the evidence to the appellate court with the transcript, no error except such as was shown by the record could be examined in the circuit court.

County courts, by article VII., section 12, of the constitution, are given "the jurisdiction pertaining to probate courts," and by section 895 of the Code these courts have "exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, * * * to direct and control the conduct and settle the accounts of executors, administrators, and guardians."

By section 1077, it is provided that in these courts no particular pleadings or forms thereof are required, and section 1078 is as follows: "The mode of proceeding is in the nature of that in a suit in equity as distinguished from an action at law. The proceedings are in writing,

XXIII. Or.—8.

and are had upon the application of a party or the order of the court."

By section 1079, the proceedings in probate matters shall be entered and recorded in books..

Orders or decrees may be enforced by execution or otherwise in the same way as orders or decrees for the payment of money in the circuit court: Code, § 1082.

Courts of probate in America are generally believed to derive their powers, historically, from the ecclesiastical courts, and their modes of proceeding are said to be borrowed from these courts and from the courts of chancery: 1 Woerner Admn. 341.

The allowing and ordering paid claims against estates has always been considered a part of the functions of courts of probate: 2 Woerner Admn. 815, § 392; 2 Kent Com. *409; Dayt. Surr. 4.

Both by the written and unwritteu law, at the time of the adoption of the state constitution, there was no right to jury trial in such cases. The executor therefore cannot claim that he is denied any constitutional right in not being granted a trial by jury: *Tribou* v. *Strowbridge*, 7 Or. 156; 3 Am. & Eng. Enc. Law, 720; *Schmidt* v. *Schmidt*, 47 Minn. 451 (50 N. W. Rep. 598).

The section of the Code (1134) under which this proceeding was instituted in the county court, directs the court to hear and determine in a summary manner, and to cause a concise entry of the order of allowance or rejection to be made on the record, "which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases." Now, how are appeals taken in ordinary cases from orders in probate in the county court? The order is an order in probate, and has the effect of a decree by the express terms of the statute. (See section 902 of the Code.) By the amended section 541 of the Code (Laws 1889, 140), the testimony, depositions, and other papers containing the evidence heard or offered on trial in the court below must accompany the transcript.

If the order of the county court was such "judgment" as is mentioned in the foregoing section, it must have been rendered in the exercise of the court's ordinary jurisdiction to try actions at law where the matter in controversy does not exceed the value of five hundred dollars; the pleadings should have been as prescribed for actions at law; summons should have been issued, and the parties should have had a jury trial; and, instead of directing the defendant to pay the claim in due course of administration, the order should have been in the form of a personal judgment for money. But an inspection will show that the proceeding was begun by petition and citation, and the procedure was in accordance with the usual practice in probate matters. It was not a "judgment," therefore, in the sense in which the word is used in section 543, but a "decree"; for "the mode of proceeding is in the nature of a suit in equity as distinguished from an action at law."

LORD, C. J.—The question of practice involved in this controversy has been directly presented and decided by this court in *Wilkes* v. *Cornelius*, 21 Or. 345 (23 Pac. Rep. 473). It arose upon a claim for money for services rendered, which the executor disallowed, when the claimant ant presented it to the county court for allowance under section 1134, Hill's Code, providing for the adjudication of claims against the estate of a deceased person in a summary manner. The county court disallowed the claim, and an appeal was taken to the circuit court, the transcript containing all the evidence received by the county court. From this it will be observed that the proceeding was prosecuted in the nature of a suit in equity as distinguished from an action at law, as prescribed by section 1077. Referring to the mode of procedure, and the judgment obtained under section 1134, THAYER, C. J., said, at the top of page 345: "It declares that the order of allowance or rejection of the claim shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases. Such a judg

ment must obviously be regarded in the same light as a judgment for the recovery of money in an action; and if an appeal be taken therefrom to the circuit court, it will involve the trial anew of the matter in issue between the parties, which should be conducted in the same manner that trials at law for the recovery of money are conducted in circuit courts. The parties are entitled to have a jury trial, which can only be waived as provided by Hill's Code, § 218, and to have the judgment given therein reviewed in this court in the same way as judgments in actions at law are reviewed, and not otherwise. We have no authority to consider the evidence annexed to the transcript in this case for the purpose of ascertaining whether or not the appellant's claim against the estate should have been allowed, etc. * * * Nor had the circuit court any jurisdiction to retry the matters adjudicated upon in the county court, unless an appeal from such adjudication to the circuit court was regularly perfected as in cases of appeal from judgments of county courts rendered in civil actions." Again, in referring to the constitutionality of section 1134, he says that "its constitutionality would be questionable if it were to receive the construction which counsel for both parties seem to have given it, as it would, under their view, deprive parties of the right of trial by jury in the enforcement of a legal obligation to pay money; but the legislature evidently did not intend that it should receive that construction. Giving to the adjudication of a claim against an estate the force of a judgment, as provided in said section, does not impair the right of a party against whom it is made to a jury trial within the meaning of the constitution, if he can secure it by appeal from such adjudication to the circuit court, which, in my opinion, he is clearly entitled to under the provisions of the section."

The case was sent back, and after a trial before a jury in the circuit court, resulting in a verdict and judgment in favor of the claimant, it was again brought to this court on appeal: 21 Or. 348. In delivering the opinion

of the court, BEAN, J., said, at p. 351: "The law provid-
ing for the adjudication of claims by the county court
vests in that court power to hear and determine all
claims against the estate of a deceased person in a sum-
mary manner, without the formality of technical plead-
ings, yet preserving all the rights of the parties by
providing for appeals to the circuit court and to be there
tried *de novo.*" And again, that the proceeding under
section 1134 was "in effect a suit or action against the
executor or administrator without the formality of tech-
nical pleadings." In the consideration of that case, there
was the suggestion that to give section 1134 a construc-
tion which should make the proceeding in the nature of
a suit in equity conformable to section 1078, would not
operate to deprive the claimant of a trial by jury, as he
could begin an action at law after this claim was dis-
allowed by the administrator and try his case before a
jury; that the section was only designed to afford a sum·
mary mode of proceeding for the convenience of the
people, and the claimant had his choice of remedies, and
as one of these preserved to him a right of trial before a
jury, the section did not operate to deprive him of a trial
by jury. This observation is made in view of some lan-
guage used by THAYER, C. J., as expressing his own
opinion in answer to the query as to its constitutionality.
His view was based on the assumption that the remedy
provided by the section was exclusive, and consequently
operated to deprive the party of a trial by jury. But the
controlling considerations which influenced the judgment
of the court were the language of the section which gave
to the order "the force and effect of a judgment from
which an appeal may be taken as in ordinary cases," that
is, as ordinary cases of appeals from judgments of the
county court upon legal demands or claims, and the man-
ifest purpose of the section to provide a cheap, speedy,
and convenient method of procedure, without regard to
technical precision, and at the same time preserve the
rights of the parties by providing for appeals to the

circuit court, where the cause would be tried anew without the burden and expense of reducing the evidence to writing. as is done in equity suits. From the nature of the case, the mode of procedure usually prescribed for probate courts is more nearly conformable to proceeding in equity than law. While it is true that such courts have no original equity jurisdiction, yet in the conduct and disposition of business before them, they observe and apply legal or equitable rules, as the case may be. The nature and extent of their jurisdiction depend upon the statute, and they possess no other or greater powers than so conferred.

It is upon the refusal of the executor or administrator to allow the claim or demand that the statute (section 1134) provides that the county court, after notice has been given, may proceed to hear and determine in a summary manner such claim or demand against the estate. When this is done, and a party is dissatisfied with the judgment order allowing or rejecting such claim, and has appealed from it, what possible objection can there be to the circuit court trying the issues according to legal principles as is done in like cases? Why subject the party when the obligation is legal, and the court presided over by a trained lawyer capable of instructing the jury upon the law in the premises, to the slow and tedious, expensive and cumbrous, method of taking depositions or reducing the evidence to writing? We see no reason for it, and think the case is controlled by *Wilkes* v. *Cornelius, supra.*

It results that the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.