Decided 3 June, 1901.

## PRUITT v. MULDRICK.

[65 Pac. 20.]

EXECUTORS—PRESENTING CLAIMS—STATUTES.

1. Section 1134, Hill's Ann. Laws, providing that when a claim against an estate is presented to an executor or administrator, he shall indorse on it his allowance or rejection, and, if allowed, shall pay it, if disallowed, the claimant may present the same to the county court for allowance, on giving the executor or administrator ten days' notice,—the court being empowered to determine the same, which determination is to have the force of a judgment, is intended to afford a summary method for the adjudication of claims, without the necessity of technical pleadings, and the effect of a judgment is merely to establish the claim as if allowed, so as to require it to be satisfied in due course of administration.

CLAIMS AGAINST ESTATES—REPUGNANCY OF STATUTES.

2. The summary method provided by Section 1134, Hill's Ann. Laws, for determining the validity of a claim against an estate is not exclusive, and does not supersede the action allowed by sections 377 and 378, Hill's Ann. Laws, which may be commenced at any time after six months from the granting of letters testamentary, on condition that the claim shall have been presented to the executor or administrator and disallowed.

RES JUDICATA.

3. For a judgment to constitute a bar to a subsequent proceeding it must appear particularly that it was rendered on the merits of the dispute, if the record fails to show that fact, the judgment can not be pleaded as a prior adjudication; thus, where a claim against an estate was disallowed, and it was afterwards presented to the county court for consideration under a statute so providing, but the entire proceeding was, on motion of the estate, "dismissed, quashed, and held for naught," such order is not a bar to a subsequent action on the claim, for it is reasonably clear that the first order was not entered upon the merits.

From Grant: MORTON D. CLIFFORD, Judge.

Action by Elmer Pruitt, an infant, by W. G. Overholt, his guardian *ad litem*, against Jennie Muldrick, as executrix of the will of John Muldrick, deceased. From a judgment in favor of defendant, plaintiff appeals.

REVERSED.

39 OR.—23.

For appellant there was a brief over the name of *Stillman, Leedy & Pierce*, with an oral argument by *Mr. A. D. Stillman*.

For respondent there was a brief over the names of *Cattanach & Wood* and *John L. Rand*, with an oral argument by *Mr. Rand*.

MR. JUSTICE WOLVERTON delivered the opinion.

Elmer Pruitt, a minor, brought this action by W. G. Overholt, his guardian *ad litem*, against Jennie Muldrick, as executrix of the last will and testament of John Muldrick, deceased. The complaint sets up the minority of Pruitt, the appointment of Overholt as guardian *ad litem*, his qualification, the decease of Muldrick, the probate of his will, the issuance of letters testamentary to defendant, the presentment of the claim sued on, her disallowance thereof, and the manner in which the indebtedness arose, etc. The defendant denied that John Muldrick ever became indebted to plaintiff in any sum ; and for a separate defense, sets up the presentation of said claim by plaintiff for allowance, her rejection thereof, and indorsement "examined and disallowed," with the date, the subsequent service upon her of ten days' notice that he would present the claim to the county court for allowance, the presentment thereof, and its rejection and disallowance by said court, which action, it is alleged, has the force and effect of a judgment and bars the plaintiff's action. To this answer a demurrer was interposed, which being overruled, the action of the court in that respect, constitutes one of the assignments of error. The reply is in avoidance of the separate defense, and avers that plaintiff, being a minor, filed his petition in the county court praying that one Charles Timms be appointed his guardian *ad litem* to present and prosecute said claim in

the county court for allowance ; that such proceedings resulted in an order for his appointment, but notwithstanding such order, he failed and neglected to qualify or to take or to file his oath as such guardian *ad litem*, and without so or otherwise qualifying, served upon the defendant notice that he would apply to the county court for the allowance of said claim ; that he presented the claim in conformity to said notice ; that in response thereto, the defendant appeared and moved the court "to disallow, dismiss, and to quash" the same and all proceedings had with reference to the presentment thereof to the court, assigning numerous reasons, among others, that Timms had not the legal capacity to prosecute the claim as guardian *ad litem* for Pruitt, a minor, and that the court was without jurisdiction to hear or to allow the same, whereupon it was ordered and adjudged that said claim be, and the "same is hereby dismissed," and all proceedings had with reference to the prosecution thereof, "be and the same are hereby quashed and held for naught," and that defendant recover her costs and disbursements to be taxed.   Upon this state of the record, the defendant moved for and obtained a judgment in her favor upon the pleadings, from which the plaintiff appeals.

1.   It is argued that the remedy provided for by Section 1134, Hill's Ann. Laws, is exclusive, and supersedes the action which formerly obtained for the purpose of establishing a claim against the estate of a deceased person, but the. position is untenable.   Originally section 1134 merely provided that when a claim is presented to the executor or administrator, he shall indorse upon it his allowance or rejection with the date, and if allowed, shall pay it in due course of administration, and that no claim shall be allowed which is barred by the statute of limitations.   All else, as the section now stands upon the

statute, was added in 1885, when it was provided that if
any claim or demand is disallowed, the claimant may
present the same to the county court for allowance on
giving the executor or administrator ten days notice
thereof. The court is thereupon accorded the power to
hear and determine in a summary manner the claim or
demand against the estate, and is directed to cause a
concise entry of the order of allowance or rejection to be
made on the record, which order shall have the force and
effect of a judgment from which an appeal may be taken
as in ordinary cases. This court has held with reference
to such section that its purpose and effect was to afford
a summary method for the adjudication of claims by the
county court against the estate of deceased persons with-
out the necessity of technical pleadings, and that the
proceeding is in the nature of an action as contradistin-
guished from a suit affording to the parties the right of
trial *de novo* and by jury in the appellate court : *Wilkes*
v. *Cornelius*, 21 Or. 341 (23 Pac. 473), and 21 Or. 348
(28 Pac. 135); *Johnston* v. *Shofner*, 23 Or. 111 (31 Pac.
254).

2.   However, the amendatory act of 1885, which gave,
to the county court the power to hear and determine the
validity of such claims and demands, contains no repeal-
ing clause of any statutory enactments in conflict there-
with, · hence the repeal of such enactments must have
been effectuated by implication, if at all. The mere cir-
cumstance that a new remedy has been prescribed is not
sufficient to make it exclusive, unless it is so repugnant
to the existing law that both can not stand. The law is
of long standing which authorizes an action to be com-
menced against an estate or administrator at any time
after the expiration of six months from the granting of
letters testamentary or of administration, upon the con-

dition, however, that the claim or demand upon which it is based shall have been duly presented to such executor or administrator and by him disallowed: Sections 377 and 378, Hill's Ann. Laws. The effect of a judgment thus obtained is merely to establish the claim as if it had been allowed so as to require it to be satisfied in due course of administration, unless it is shown that the personal representative has assets in his hands applicable to the satisfaction thereof, in which event the judgment may be enforced against him personally: Section 1135, Hill's Ann. Laws. This latter section is a part of the law governing proceedings in the administration of estates. We can discover no intendment in the more recent act of 1885 to supersede, by the procedure there authorized, that which formerly obtained under the sections just alluded to, and there is no repugnance, hence both procedures may stand and be alike effective when invoked, while it may be that both may not be called into requisition at one and the same time. Indeed, such seems to have been the practice concurred in *sub silentio*. *Quinn* v. *Gross*, 24 Or. 147 (33 Pac. 535); *Harding* v. *Grim*, 25 Or. 506 (36 Pac. 634), are cases brought under the old procedure without question, the latter turning upon the sufficiency of the proof required for the establishment of the claim under section 1134 in its amended form. It must be conceded, however, that the two jurisdictions are not in all respects concurrent, as more extensive relief may be had by prosecuting the demand in the circuit court, in so far that a personal judgment may be obtained against the personal representative where assets are shown to have come into his hands applicable to the payment thereof. But for the purpose of this case either jurisdiction is fully empowered to grant the relief sought.

3. It is a rule of law that where two tribunals exist

possessing complete and 'concurrent jurisdiction of the subject-matter, the one first taking cognizance of the cause acquires the right to exercise such jurisdiction ·to final determination and enforcement of the judgment or decree to the exclusion of the other : Works, Jur. 68 ; Wells, Jur. § 156 ; *Merrill* v. *Lake*, 16 Ohio, 373 (47 Am. Dec. 377); *Taylor* v. *City of Fort Wayne*, 47 Ind. 274 ; *Powers* v. *City Council of Springfield*, 116 Mass. 84. From this latter principle, it would seem to follow logically that a judgment rendered in a court possessing concurrent jurisdiction with another, the jurisdiction being adequate to the purpose, would operate as a bar to proceedings for the obtainment of the same relief in the latter. "In order that a judgment may constitute a bar to another suit," says Mr. Justice FIELD in *Hughes* v. *United States*, 71 U. S. (4 Wall.) 232, "it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and it must be determined on its merits. If the first suit was dismissed for defect of pleading, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." Adopting this statement of the law, about the correctness of which there can be no controversy, if it can be gathered from the record that the merits of the controversy were not passed upon in the first proceeding, or that the judgment may have been given upon some point not affecting the merits, it does not rise to the authority of *res judicata*, and can not be interposed as a bar to a second action for the same cause : 21 Am. & Eng. Ency. Law (1 ed.), 265 ; *Carmony* v. *Hoober*, 5 Pa. St. 305 ; *Matter of Spelman* v. *Terry*, 74 N. Y. 448. The judgment rendered by the county court indicates quite clearly that the result was not arrived at upon

the merits of the controversy, which involved the question whether the claim was just and proper to be paid by the administratrix in due course of administration. By the judgment there was no disallowance of the claim proper, but it was summarily dismissed and all proceedings with reference to it quashed, which betokens a dismissal of the matter for some reason affecting the manner by which the proceeding was commenced or prosecuted, the true one possibly being that Timms, the guardian *ad litem*, had not properly qualified. At all events, it does not appear upon what ground the judgment was given and rendered, and as it may have been, for all that is disclosed by the record, for the reason above suggested, or for some other not involving the merits of the controversy brought on for consideration, it can not be accorded the force and effect of a bar to the present action.

The court below, therefore, erred in its treatment of the matter, hence the judgment will be reversed, and the cause remanded for such other proceedings as may seem proper.                                          REVERSED.

Decided 3 June, 1901.