Constance I. COLE, Administratrix de bonis non with the will annexed of the Estate of Henry B. Van Duzer, deceased, Plaintiff,

v.

R. C. GRANQUIST, District Director of Internal Revenue, Defendant.

Civ. No. 10028.

United States District Court
D. Oregon.

Dec. 23, 1959.

Scott M. Kelley, Portland, Or., for plaintiff.

C. E. Luckey, United States Attorney and Edward J. Georgeff, Ass't United States Attorney, Portland, Or., for defendant.

KILKENNY, District Judge.

The question presented is whether the estate of Henry B. Van Duzer may deduct, for estate tax purposes, the sum of $21,412.20 as an additional claim against decedent at the time of his death. A rather complete statement of the facts is required.

The decedent, herein referred to as Van Duzer, and Frances L. Van Duzer were married prior to 1930 and remained married and lived together as husband and wife until their deaths on April 28, 1951, and November 26, 1952, respectively. Van Duzer, in his last will and testament, gave the residue of his estate to his wife, "to hold the same during her natural life, with the right and privilege of using so much of the

principal during her lifetime as may be necessary to the furtherance of her comfort." The remainder interest was devised and bequeathed to Constance I. Cole, herein called Cole, a foster-daughter of decedent and his wife, although never legally adopted. One Paul C. King was appointed Executor of Van Duzer's estate. King died on October 28, 1951, and Cole succeeded as administratrix, d. b. n., c. t. a. On May 17, 1951, Mrs. Van Duzer was adjudged incompetent and on May 21st of that year Cole was appointed guardian of Mrs. Van Duzer's person and estate and continued to act as such until Mrs. Van Duzer's death on November 26, 1952. The will of Mrs. Van Duzer gave all of her property to her husband, but since he pre-deceased her, she in fact died intestate. Since Cole had never been legally adopted by the Van Duzers, Mrs. Van Duzer's heirs-at-law inherited the estate. A half-brother of Mrs. Van Duzer, one Cachot Therkelsen was appointed administrator of her estate and as such, filed objections to the final accounting of Cole, as guardian of the estate of Mrs. Van Duzer.

The principal objection of Therkelsen to such final accounting was that Cole had not accounted in the guardianship for certain dividends on 200 shares of stock owned by Van Duzer in the Inman-Poulson Lumber Company. Prior to 1930, Van Duzer owned 300 shares of such stock. Beginning on January 11, 1930, the stock was held in a voting trust and in January, 1931, Van Duzer advised the trustees of the voting trust that he had, as of December 30, 1930, transferred to Frances L. Van Duzer 100 shares of the capital stock of the lumber company and asked that a certificate of stock evidencing the ownership of his shares be surrendered and that in lieu thereof, two separate certificates be issued—one in his name for 199 shares (the extra being a qualifying share) and one in the name of Frances L. Van Duzer for 100 shares. The transfer was effected and dated December 30, 1930. Thereafter the trustees held 100 shares pursuant to the voting

trust for Mrs. Van Duzer. From March 1, 1929, until 1941 the lumber company advanced various sums of money to a number of directors, officers and stockholders. Van Duzer was a director of the company and its president from 1933 until the time of his death and at various times was advanced substantial sums of money by the corporation. He received some money personally and some was deposited by the company to the credit of his wife's checking account at the Bank of California. Other amounts were co-mingled on the books of the corporation in the names of Van Duzer and his wife.

At a stockholders meeting in 1940 a motion was adopted that the directors should consult with the stockholders who were indebted to the company, with a view of getting proper acknowledgments of the indebtedness and at another meeting that a motion was adopted that such indebtedness be secured collaterally by the stock of each stockholder who was so indebted. On December 15, 1941, the decedent addressed a letter to the lumber company in accordance with such resolution and on July 30, 1942, a new certificate of stock was issued to Mrs. Van Duzer with a restriction stamped on it showing the pledge of the corporation for indebtedness of Mrs. Van Duzer. Thereafter, this stock was endorsed and transferred to one Dant as custodian, who held it until his death when it was re-transferred to Mrs. Van Duzer by Dant's executrix. These pledges were cancelled by a resolution of the stockholders at a meeting on March 8, 1948, and new certificates were issued to the respective stockholders so that all dividends declared subsequent to January 1, 1948, would be paid to the stockholders without restriction. A new certificate was issued to Mrs. Van Duzer for her 100 shares. After Van Duzer's death the Inman-Poulson Lumber Company presented its claim to the estate and the guardianship for indebtedness due to the company. The guardianship of Frances L. Van Duzer petitioned for a determination of responsibility with reference to such claim. A hearing was

held in the estate and in the guardianship on such claim in the probate department of the Multnomah County Circuit Court and the Court found that the obligation of $115,301.95, should be placed pro tanto in accordance with the holdings of stock of Inman-Poulson Lumber Company by Mr. Van Duzer and Mrs. Van Duzer. On February 14, 1952, the said probate court entered a judgment that there was owing from the estate to the lumber company on such claim the sum of $76,867.90 and on the same day a judgment was entered by the said probate court in the guardianship of Mrs. Van Duzer that there was due and owing from her to the company as of November 2, 1951, the sum of $38,433.98. No appeals were taken from these judgments. The Federal estate tax return in Van Duzer's estate shows that this sum, less $713.34 representing accrued interest after death, was allowed as a deduction from the gross estate. During the course of the guardianship of Mrs. Van Duzer, the guardian was ordered by the probate court to sell 12 shares of the stock owned by Mrs. Van Duzer to the corporation. The sale was made and from the proceeds thereof was paid to the corporation the said sum of $38,433.98, satisfying the said judgment. Upon payment the lien upon her 100 shares of that company's stock in that amount was released and the last declared dividend of the company on this stock in the amount of $12,500 was paid to the guardian. The above transaction was referred to in the minutes of the meeting of the Board of Directors of the lumber company as of March 6, 1952, and at the same meeting the corporation authorized the purchase of the shares of the company owned by the Van Duzer estate, as the probate court should direct, at the same price as was paid for Mrs. Van Duzer's shares. The secretary and treasurer were directed to release the lien on the 200 shares of Henry Van Duzer's stock and pay the last dividend of $25,000 when the obligation of the estate to the corporation was satisfied. In 1952, Cole, as administratrix of Henry Van Duzer's estate, received this dividend of $25,000 on said 200 shares of the lumber company stock. The dividend was declared and was payable to holders of record as of December 10, 1951. The dividend was used by Cole in the administration of Van Duzer's estate and was included in the fiduciary income tax return of his estate as taxable income and the tax paid thereon.

It was the claim of Therkelsen, as administrator c. t. a. of Mrs. Van Duzer's estate, that she was the owner of a life estate in the capital stock of the lumber company appraised in the Van Duzer estate and that all dividends from the date of death should have been paid to the guardianship and not to the estate. In February, 1953, Cole filed her final account in the probate court as guardian of the estate of Mrs. Van Duzer. Therkelsen, as administrator c. t. a. of the estate of Mrs. Van Duzer, filed extensive objections to this account, including the objection on the question of dividends. There was merit to the objections. In re Feehely's Estate, 179 Or. 250, 256, 170 P.2d 757, 166 A.L.R. 420. Subsequently, pursuant to petition filed by the guardian on August 24, 1953, the court authorized the guardian to join with the administratrix and be a party to proceedings for a declaratory judgment brought by her as administratrix of the estate of Henry Van Duzer involving the rights of all three of the estates in and to 12 shares of the stock of the said lumber company and certain other matters which were the subject of objections. The petition to seek a declaratory judgment was granted, but a demurrer by Therkelsen to the complaint was sustained and the complaint was dismissed. The proceedings on the objections were still continued in probate court. Numerous objections, demurrers and motions were filed and the last petition, verified September 17, 1953, alleged that new evidence had been discovered which modified the conclusions reached under the previous judgment of February 14, 1952, in which petition it was alleged that Mrs. Van Duzer acquired her stock

in 1931 in place of 1942. A settlement agreement was finally reached between Cole and Therkelsen as administrator of Mrs. Van Duzer's estate and in December, 1955, Cole, as administratrix of Van Duzer's estate, petitioned the Court for authority to make reimbursement to herself personally in the sum of $35,000. On December 20, 1955, an ex parte order was made on such petition and a check for $35,000 was issued by the estate of Mr. Van Duzer to Miss Cole, individually, who endorsed it to the order of Therkelsen as administrator of Mrs. Van Duzer's estate. This money was received and included as part of her estate tax return. During the course of an audit it was determined that the sum of $2,366.74 represented an additional taxable asset of the Van Duzer estate. This sum, plus $11,221.05, the amount representing the adjustments by Mr. King in the accounts of Mr. and Mrs. Van Duzer, would reduce the total of said disputed sum of $35,000 to $21,412.20, and the issue is whether the Van Duzer estate may deduct said sum as an additional claim existing against the decedent at the time of his death because of the settlement between Therkelsen and Cole.

The plaintiff contends that the said order of the probate court of December 20, 1955, is a valid and subsisting order which is binding on the defendant and that the said sum is properly deductible in the Van Duzer estate. The defendant contends that said order is without validity and that the judgments of February, 1952 are binding on both parties.

The record contains a complete transcript of the proceedings in the Van Duzer estate and Mrs. Van Duzer's guardianship at the time of the hearing on the original claim of the lumber company against the estate on February 6, 1952. After a full and complete hearing the probate court in the Van Duzer estate and in Mrs. Van Duzer's guardianship concluded that two thirds of the indebtedness was owing by the Van Duzer estate and one third of the indebtedness was owing by Mrs. Van Duzer. Formal findings, conclusions and a judgment were entered in each of the proceedings.

There is no question but that the probate department of the Circuit Court of the State of Oregon for Multnomah County had jurisdiction to enter a final judgment on and determine the amount of the indebtedness of Van Duzer to the lumber company in the proceedings of February, 1952. ORS 3.340.[1] This judgment was final and could have been appealed to the Supreme Court of the State of Oregon. ORS 116.550. The judgment allowing the claim against the Van Duzer estate for two thirds of the indebtedness and the judgment in the guardianship of Mrs. Van Duzer were each dated the 14th day of February, 1952. The term of court in which this judgment was entered expired on the first Tuesday in March. ORS 4.140. A final judgment, such as the one of February, 1952, can be set aside only within one year from notice thereof and, of course, the administratrix of the Van Duzer estate had notice of this judgment upon its entry. ORS 18.160. The power of an Oregon court to set aside its judgments, after term time, can be exercised only under the provisions of the last mentioned section. United States v. Aakervik, 9 Cir., 180 F. 137; Western Land & Irrigation Co. v. Humfeld, 118 Or. 416, 247 P. 143; Harris v. Harris, 192 Or. 361, 232 P.2d 818; Zipper v. Zipper, 192 Or. 568, 235 P.2d 866.

An order of allowance or rejection of a contested claim in probate proceedings is regarded as a "judgment" in an action at law. In re Anderson's Estate, 157 Or. 365, 71 P.2d 1013; In re Patton's Estate, 170 Or. 186, 132 P.2d 402. The mere fact that the County Court, on the ex parte application of the administratrix, authorized reimbursement to Mrs. Cole by order dated the 20th of December, 1955, would not prevent the Court from again examining this transaction and disallowing the

1. Oregon Revised Statutes.

disbursement. In re Mead's Estate, 145 Or. 150, 26 P.2d 1103. The procedure followed by the parties in connection with the proceedings on which the judgment was entered in February, 1952, amounted to an adverse proceeding which was binding on the parties. In re Mead's Estate, supra. The accountant, at the time of the hearing in February, 1952, testified that the individual accounts of Van Duzer and his wife were so intermingled and co-related that it was difficult to arrive at an exact figure. However, he felt that two thirds of the indebtedness should be charged to the Van Duzer estate and one third thereof to the guardianship. All parties were represented at this hearing. A final judgment was entered and no appeal was taken therefrom. I am of the opinion that the judgment so entered is binding upon all parties and that the settlement in 1955 and resulting ex parte order authorizing Cole to reimburse herself for the $35,000 paid to the guardianship is of no force or effect insofar as it might attempt to change, modify or set aside the judgments of February, 1952. The last mentioned order was made ex parte and no proceedings were held in the probate court which would bring this order within the intent of § 812(b) (3), Internal Revenue Code of 1939, 26 U.S.C.A. § 812(b) (3); Treasury Regulation 105, § 81.30; Blair v. Commissioner, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Gallagher v. Smith, 3 Cir., 1955, 223 F.2d 218; Goodwin's Estate v. Commissioner, 6 Cir., 1953, 201 F.2d 576. The sanction of a procedure which would permit a court to set aside its final judgments, in defiance of statute, could well result in judicial chaos.

There is nothing in the facts of this case which would give rise to an estoppel against the defendant.

I hold that the estate of Henry B. Van Duzer may not deduct the sum of $21,412.20 as an additional claim against the estate and that the defendant is entitled to judgment. Counsel for defendant shall prepare, serve and present appropriate findings and judgment order.